Chamberlain *v.* Black.

---

JAMES H. CHAMBERLAIN *& al., versus* GEORGE N. BLACK.

The respondent contracted in writing to convey to the complainant certain land, provided the latter should pay to the former a certain note, (dated Dec. 20, 1864, and payable in one year with interest,) " according to its tenor and date." On the 20th December, 1865, the complainant tendered the amount of the note to and demanded a deed of the respondent, who, without making any objection to the tender, replied he would never deliver a deed according to the terms of the contract, but would give one with a certain reservation, if the complainant would receive it in fulfilment of the contract. In a bill in equity to compel specific performance ; *Held,* — that the tender was waived ; and whether the parties, by the language in their contract, intended the money should be payable at the end of the year or three days later, *quere.*

Chamberlain *v.* Black.

DANFORTH, J. — This is a bill in equity in which the specific performance of a contract is prayed for, also damages for a breach of the same contract. As it comes up on a demurrer the only question is whether the allegations in the bill are sufficient to entitle the plaintiffs to any decree in their behalf. By the contract, as set out, the plaintiffs are entitled to the conveyance of certain land described, on condition that they pay two notes described "according to their respective tenor and date." One of them was paid on demand and no question is raised as to that one. The other was payable in one year from date; and, at the end of the year, the amount was tendered to the defendant. The objection is now raised that the tender was premature and should not have been made till the last of the three days of grace. It is true that the note was not payable until three days later, and perhaps a tender of the amount due before the last day of grace might not discharge it. But in this case we are to look at the contract itself to ascertain the time when the money is due, and upon such a contract no days of grace are allowed. It is true that the notes are to be paid before the defendant is under any obligation to convey, but it is also true that they are to be paid according to their "tenor and date." Legally, the tenor of an instrument means its exact language. Now by the language of the note it became payable at the end of the year, and the days of grace are added, not by the words or terms of the note, but by the law. But whether the parties, by the language used in the contract, intended that the money should be payable at the end of the year, or three days later, may perhaps be doubtful, and we deem it immaterial. Time is not of the essence of the contract. *Jones* v. *Robbins,* 29 Maine, 351.

There is no suggestion that the plaintiffs were in fault in making the tender when they did. It was not neglect on their part and there is no indication that they intended to, or could by so doing, obtain any improper advantage. Nor does it appear that the defendant has suffered any damage

in consequence of the plaintiffs not availing themselves of the days of grace. No objection appears to have been made at the time of the tender. On the other hand, it is distinctly alleged in the bill, that the defendant stated, he "never would deliver a deed according to the terms of the written contract," but would give one with a certain reservation, "if the plaintiff would receive it in fulfilment of the obligation," thereby waiving all objections to the tender, if any existed, or, by his unqualified refusal to comply with the terms of the contract, rendering it unnecessary to make any. The other questions raised by the defendant's counsel can be more properly considered upon answer and proof. As the bill now is, assuming all the allegations to be true, as we must do under the demurrer, there will be no difficulty in doing exact justice between the parties. In such cases the plaintiffs are entitled to relief. White & Tudor's Cases in Equity, vol. 3, p. 74, note; Story's Equity Juris., (Redfield's ed.,) §§ 776, 796.

*Demurrer overruled.— Defendant to answer.*

APPLETON, C. J., CUTTING, KENT and BARROWS, JJ., concurred.